RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2025 MAY 6 PM 4:45

The People of Puerto Rico        Case Number
            VS.                  In Accord To Apelate By
Jose de Jesus Genao Cruz         Certiorari

                    In Apelate          25-CV-1253 ADC

To the honorable Federal Court of Puerto Rico
having to do with Mr Jose de Jesus Genao Cruz
by his own cause and in the form pauperis.

He alleges, puts forward and seeks

(1) Jurisdiction

The jurisdiction and very competance to understand
the present recourse of apelation in front of this
very juridical forum..

                - Alegations -
A motion to such effect may be presented during
any moment during the extinction of the sentence.
The apelate Mr: Genao Cruz comes to this
Federal forum seeking the very jurisdiction of the
previously mentioned federal forum in a determination
that was falsely made by the part of the
Supreme Court of Puerto Rico.
                    I
Mr Genao Cruz presents a motion 91 (TPI) under
Rule 192:1 in accort to the criminal procedure
of the same base which makes referance to the
judicial process which was not just and is partial
because the very process was manipulated from the
very beginning because exculpatory evidence were
never presented in favor of the person appealing

and in effect were never shown because the (TPI) form alegations in accord to what the defense of Mr. Genao Cruz believed should never have been presented.

Reasons Given for above beliefs:

(1) the contents within the video presented " were not clearly presented and could not be clearly made out ( fuzzy and bad images that could not he clearly made out or understood when seen)"

(2) the epigrafe case was presented by a Rights Tribunal

(3) the very determinations of being guilty were appealed y the overturning of previous outcomes were in effect confirmed by the Appelate Court.

(4) the convict's identification was tarnished by a deficient investigation that ignored various examples of presented evidence that pointed to the very author of of the acts perpetuated was not the one that committed the criminal acts.

(5) It has been established that in the case of Mr. Genao Cruz their are violations to his rights as determined by the constitution ( constitutional rights) that the Tribunal of First Instance, Apelate Tribunal, and the Supreme Court have not went to exercise what by law Mr Genao Cruz's right to s new judicial procedure due to the fact that new circumstancial evidence that may demonstrate the innocence of person appealing the determination previously made.

6) The new determination being presented has to do with a previous case where the accused was shown to have a judgement made in accord to the previous verdict that is worthy of confidence and truthful known as <u>Smith vs Cain</u>, 565 US 73, 75-76 (2012).

If it were have been presented, the omited evidence would have presented a different light to the previous judgement made to the point I believe would have made null the previous verdict. The evidence I am presenting to the statement made above is known as <u>The People vs Velazquez Colon</u> 174 DPR 304, 351 (2008).

In final summation, it seems clear that the Tribunals of First Instance, Appelation and the Supreme Court made an erroneous decision when they did not examine the evidence cautiously and effectively haying to with a case where a person accused and... is being judged in accord to a serious offense for having taken the life of another human being. Please refer to <u>The People vs Roman Martir</u>, ( Supra ) pg. 826. <u>The People vs Davila Delgado</u>, 143 DPR 157, 173 ( 1997); <u>The People vs Ortega Santiago</u>, 125 DPR 203, 211 ( 1990.)

## -Applicable Rights- II

The procedural tract of the epigrafe cases shows that the person demonstrating that the peticionary has the constitutional right to show the tribunals of justice all collateral attacks, even when his innocence has been sustained.

El Estado Libre Asociado de Puerto Rico has a video and DNA evidence in their evidence that showed in the judicial procedure vs. Mr Genao Cruz was one full of prejudice and doubts, furthermore the DNA put into evidence is of another person that is not Mr Genao Cruz.

The petitionary sustains that he began the primary forum by making null his solicitation for a new trial under rule 192.1 Supra, after having celebrated the argumentative trial, the court ordered under recourse KLCE201801303 to the very effects to determine if the results of the DNA submitted as evidence, also discovered after the evidence previously presented by the State, where or could potentially be held as exculpatory evidence.

From the very beginning of these judicial procedures Mr Genao Cruz has held firm to the fact that he is innocent in front of the Courts he is saying that he is innocent and is appealing to. In the search for what is true and evidence not previously considered. What is being shown in this current federal appeal is that Mr Genao Cruz had his constitutional rights violated in the previous judicial process that Mr Genao Cruz had to endure.
(1) In short, Mr Genao Cruz's sentence was imposed violating his constitutional rights and/or the constitution and laws of El Estado Libre de Puerto Rico.

(2) The present allegations for a new trial are based on evidence for the establishment of truth being sought concerning a video on the very day of the events

that ocurred that was part of the controversy in the previous trial.

### III

The constitution allows for a person that in subject to a trial and a judicial procedure after the previous trial to present an appelation (appeal) of the previous decision made by the courts that previously sentenced in the case of Mr. Genao Cruz, in that he not only presented his appeal in front of the judicial forum of El Estado Libre Asociado de Puerto Rico, but includes exculpatory evidence presently being submitted that exonarte him of all culpability, all of which were not to be omitted from the current appeal. Pueblo vs Velez Bonilla 189 DPR 705, 719 (2013) citing also Pueblo vs Echeverria, 128 DPR 299, 333 (1991).
Moreover, the evidence to impugne es "favorble evidence" under Brady vs Maryland, (supra.)

### IV

Under the judicial procedure that any citizen is being judged it is also certain that it must be just, impartial and without prejudice. The past trial we believe was just and was prejudiced from the very start. The current appeal under the recourse of an appeal is based on these violations to the rights that Mr Genao Cruz should have.

### V

After many attempts, the trial to hear the current arguments being made, according to what was ordered by the Tribunal of First Instance, was done in effect on June of 2019, after that the TPI made a resolution on October 22, 2019, notified on

November 26, 2019 where the aforementioned video showed what the appeals court proved under Case KLAN200900942, in the case it was exposed that the defense had a chance to examin it and the video was not admitted as evidence because supposedly the image was not decipherzble.

To the honorable tribunal federal we make reference leaving our arguments stated that the Tribunal of First Instance and the Appelative Tribunal or Court, plus the both = made a sentence without previously observing the proof estblished here in this motion under the judicial forum of the Federal Court of Puerto Rico.

The violations to said constitutional rights also exist as part of the laws made by the Estado Libre Asociado de Puerto Rico and the Constitution of the United States of America.

## VI

Mr. Bengo Cruz has been seeking justice for 12 years now, under recourse to the law and hoping the truth may come to light that he did not commit the acts alleged and alleges these facts under evidence so that his sentence may be overturned. If one analyzes the new evidence presented in conjunction with evidence presented in the original trial, in the most favorable light we believe it and all evidence presented past and presently creake a reasonable doubt in the animus of those judging him in trial and under appeal in accord to the culpability of the one petioning here presently. That is, the new evidence should demonstrate that Mr. Bengo Cruz should be innocent and not held culpable of all violations allegedly made.

(emphasis on the original) <u>Pueblo vs Marcano Perrilla</u> [11], Supra pgs. 739-740.

Also, the courts may in a solicitation made by the accused concede a new trial after the sentence made previous brings to light new evidence of the nature that should be reviewed because they show that Mr. Genao Cruz should be considered to be innocent of all charges previously established and made. (our Emphasis) In short, this should require that new evidence discovered should be admitted to show the possible innocent of Mr. Genao Cruz.

<u>VII</u>

In our juridical order the concession of a new trial is regulated by rule 188 of the criminal procedure for a new trial regulated by rule 188 under the criminal procedure, 34 LPRA Ap. 11 R. 188 and rule 192.1 of criminal procedure 34 LPRA Ap. 11192. Moreover, Rule 192.1 supra, regulates the very concession of a new trial after said sentence made

Conclusion

Discussion OF SAID SIGNAL TO ERROR OF RIGHTS.

An ERROR MANIFEST TO THE COURTS OF INSTANCE IN THAT THEY DID NOT CONCEDE THE MOTION IN ACCORD TO RULE 192.1 OF THE CRIMINAL PROCEDURE OF THE CRIMINAL PROCEDURES OF PUERTO RICO OF PUERTO RICO, UNDER THE ARGUMENT OF Mr GENAO CRUZ'S CONSTITUTIONAL RIGHTS WHICH WE BELIEVE WARRANT A NEW TRIAL. Moreover,

we are not arguing for something based on speculation, but based on real evidence that we believe should be considered and in effect were not previously held as evidence which the defense of Mr Genao Cruz should have had under recourse of the Constitution of El Estado Libre Asociado de Puerto Rico. Pueblo vs Ortiz Courverier, 132 PPR 883 (1993).

If the courts judging Mr. Genao Cruz did not take into account the presently made arguments that under the law were made under appeal under Rule 192.1, then we believe that the petioning party (Mr. Genao Cruz) puts this honorable Federal Court to review this appeal in reference to past decisions made by the TPI Courts, the Appeals Court and the Supreme Court.

In final summation, to the honorable Federal Court we here present all said arguments presently being made so that this motion we believe may resolve all inconsistencies previously made in this case, both in past and present cases. We ask to honorable Federal Court to take into consideration all evidence here presented, and order the TPI Courts to concede a new trial to the one here petioning said new trial, which is Mr Jose de Jesus Genao Cruz.



Por Jose De Jesus Genao Cru

En San Juan

hoy 28 DE ABRIL DE 2025